# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID A. GARCIA,  Civil Action No. 1:10-cv-525
    Petitioner,

                                  Dlott, J.

    vs.  Wehrman, M.J.

WARDEN, CHILLICOTHE  **REPORT AND**
CORRECTIONAL INSTITUTION,  **RECOMMENDATION**
    Respondent.

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] This matter is before the Court on petitioner's motions for "stay and abeyance"(Doc. 4), for "leave to amend [the] request for stay and abeyance" (Doc. 5), and to notify the Court that petitioner has "completely exhausted" the issues "set forth in his Motion to hold writ in stay and abeyance" (Doc. 9).

In his motion for stay filed in August 2010 (Doc. 4), petitioner requested that the instant action be held in abeyance while he exhausted the claims raised in Grounds Five and Six of the petition by pursuing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' denial of his application under Ohio R. App. P. 26(B) for reopening of the direct appeal. In his motion to amend the motion for stay (Doc. 5), which was also filed in August 2010, petitioner added arguments challenging the Ohio Court of Appeals' decision to deny his reopening application. Thereafter, on October 21, 2010, petitioner filed a pleading entitled "Motion To Notify Exhaustion"

---

[1] It is noted that, at this time, the matter is not ripe for final disposition. Respondent filed a return of writ responding to the petition on December 16, 2010. (Doc. 11). However, petitioner was granted an extension of time until February 7, 2011 in which to file a reply to the return of writ. (Doc. 14).

(Doc. 9), which the undersigned construes as a notice informing the Court that the issues "set forth in [the] Motion ... for stay and abeyance ... have been completely exhausted." In the notice pleading, petitioner advised the Court that the Ohio Supreme Court had issued a final order on October 13, 2010 in the reopening matter by "refus[ing] to accept jurisdiction" to review the claims alleged in Grounds Five and Six.  Because petitioner thus has conceded that he has "completely exhausted" the state court remedy that was the subject of his stay motion, his motions for stay and abeyance and for leave to amend the motion for stay (Docs. 4, 5) should be **DENIED** as moot.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion for stay and abeyance and motion for leave to amend his motion for stay (Docs. 4, 5) be **DENIED** as moot.

Date: 12/29/10                         s/ J. Gregory Wehrman
      cbc                              J. Gregory Wehrman
                                       United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID A. GARCIA,  
    Petitioner,

vs

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondents.

Civil Action No. 1:10-cv-525

Dlott, J.  
Wehrman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).