# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**DAVID A. GARCIA**,                                 Civil Action No. 1:10-cv-525
      Petitioner,

                                             Dlott, J.

vs.                                                 Wehrman, M.J.

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION**,
      Respondent.

## REPORT AND RECOMMENDATION[1] THAT THIS PETITION
## FOR A WRIT OF HABEAS CORPUS BE DENIED

On August 5, 2010 petitioner David Garcia, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On December 6, 2010 respondent filed a return of the writ [Doc. 11], and petitioner filed his reply on January 26, 2011.  Doc. 25.  In addition, petitioner filed a motion for summary judgment on January 25, 2011.  Doc. 23. Respondent filed a response in opposition to the motion for summary judgment on February 3, 2011 [Doc. 26] and petitioner filed his reply on February 9, 2011.  Doc. 27.  Consistent with local practice, the matter has been referred to the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

### I.  Factual and Procedural Background

Petitioner has filed numerous motions and appeals in state court, many of which were pending simultaneously.  Thus, a strict chronological recitation would be confusing.  I will separate the various motions in the presentation of this case's lengthy procedural history,

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

therefore.

### A. Trial, Direct Appeal & Re-sentencing

As related by the opinion of the Twelfth District Ohio Court of Appeals' opinion in the

direct appeal of a co-defendant of petitioner, the relevant underlying facts are as follows:

> Acting on information from confidential informants, their own
> surveillance, and an anonymous complainant, Butler County Sheriff's deputies
> obtained a search warrant for 225 Cereal Avenue, Hamilton, Ohio, to search for,
> inter alia, drugs, drug related paraphernalia, and weapons. Upon executing that
> warrant, they located appellant and five others, within the home, along with
> approximately 55 pounds of marijuana, more than $15,000 in cash, ledgers,
> scales, zip-lock plastic bags, and four firearms.

*State v. Harry*, 2008 WL 5123968, at * 1 (Ohio Ct.App. Dec. 8, 2008).

In 2007, a Butler County, Ohio grand jury indicted petitioner for one count of trafficking

in marijuana and one count of possession of marijuana.  Doc. 11, Exh.2.  Prior to trial, petitioner

filed a motion to suppress, arguing among other things that the affidavit supporting the search

warrant was based upon false information from an informant and that there was not probable

cause for the issuance of a search warrant.  *Id.* at Exh. 3.   In reliance upon the "good faith"

exception to the exclusionary rule, the trial court denied the motion to suppress.  *Id.* at Exh. 5.

In December 2007, a Butler County Court of Common Pleas jury found petitioner guilty

of both trafficking in marijuana and possession of marijuana.  *Id.* at Exh. 6.  Later in December

2007, the trial court sentenced petitioner to ten years' imprisonment for trafficking in marijuana

and eight years' imprisonment for possession of marijuana, to be served concurrently with each

other but consecutively with petitioner's sentence in another case.  *Id.* at Exh. 10.  Petitioner

appealed to the Twelfth District of the Ohio Court of Appeals, raising as his only issue an

argument that the trial court erred by denying the motion to suppress.  *Id.* at Exh. 12.  In June

2009, the Twelfth District Court of Appeals overruled petitioner's sole argument, holding that it had already ruled that the search warrant was valid in a co-defendant's appeal.[2]  *Id.* at Exh. 14. The appellate court did find that the trafficking and possession offenses were allied offenses, however and remanded the case to the trial court for re-sentencing.[3]  *Id.*  In July 2009, petitioner was re-sentenced to ten years on the trafficking conviction, to which the possession conviction was merged.  Doc. 11, Exh. 20.

Petitioner did not file an appeal from his re-sentencing.  However, in March 2010, he filed a motion for belated appeal to the Ohio Supreme Court.  *Id.* at Exh.  16.  Petitioner contended in that motion that he had not received notice of the Twelfth District Court of Appeals' opinion affirming his convictions on his direct appeal until December 2009, and had not contemporaneously known why he was being re-sentenced in July 2009.  *Id.*  In May 2010, the Ohio Supreme Court denied petitioner's motion for a belated appeal.  *Id.* at Exh. 17.  In June 2010, the Ohio Supreme Court denied petitioner's motion for reconsideration.  *Id.* at Exh. 19.

### B.  First Petition for Post-Conviction Relief

In May 2008, while his direct appeal was still pending, petitioner filed his first state-court

---

[2]*See Harry*, 2008 WL 5123968.  Though the trial court had focused on the good faith exception to the exclusionary rule, the Twelfth District Court of Appeals instead focused in *Harry* on its conclusion that the trial court had "a substantial basis for concluding that probable cause existed . . . ."  *Id.* at *2.  In its opinion affirming petitioner's convictions but remanding for re-sentencing, the Twelfth District Court of Appeals did not analyze the search warrant issue in depth, instead choosing to quote and refer to its previous opinions in *Harry* and another co-defendant's appeal.  *See* Doc. 11, Exh.  14.

[3]Although petitioner had not raised an allied offenses argument in his brief, the Twelfth District's *sua sponte* remand for re-sentencing was presumably triggered by the fact that one of petitioner's co-defendants had successfully raised an allied offenses argument.  *See Harry*, 2008 WL 5123968, at *6.

petition for post-conviction relief. *Id.* at Exh. 21.  In that petition, petitioner raised four

interrelated arguments.  First, he argued that his trial counsel was negligent for failing to

investigate and obtain documents to attack the information underlying the search warrant.

Second, petitioner argued that his counsel failed to present favorable information at the

suppression hearing.  Third, petitioner argued that counsel failed to present a supplement

petitioner had prepared to the motion to suppress.  Fourth, petitioner argued that counsel failed to

"subject the prosecution[']s case to a meaningful adversarial hearing." *Id.* at p. 9.  In August

2008, the trial court denied petitioner's petition for post-conviction relief via a terse order which

contained no analysis.  *See* Doc. 11, Exh. 23.

Petitioner appealed that decision to the Twelfth District Court of Appeals.  Petitioner

raised two assignments of error.  First, he argued that the trial court erred by denying the petition

for post-conviction relief without providing constitutionally mandated findings of fact and

conclusions of law.  Second, petitioner similarly contended that the trial court failed to comply

with statutorily mandated requirements to provide findings of fact and conclusions of law.  *See*

*id.* at Exh. 25.  The State of Ohio agreed with petitioner, and stated in its brief that the appellate

court "should sustain [petitioner's] assignment of error and remand the matter to the trial court in

order for it to issue findings of fact and conclusions of law." *Id.* at Exh. 26, p. 4.

In February 2009, before it issued its ruling on petitioner's direct appeal, the Twelfth

District Court of Appeals *sua sponte* held that it did not have jurisdiction to consider petitioner's

appeal from the denial of his petition for post-conviction relief  because petitioner had filed his

notice of appeal thirty-five days after the entry of judgment, five days later than the thirty days

allotted by Ohio Rule of Appellate Procedure 4(A).  *Id.* at Exh. 27.  Holding that the belated

notice of appeal deprived it of jurisdiction, the appellate court dismissed petitioner's appeal with prejudice.  *Id.*  Petitioner appealed to the Supreme Court of Ohio, arguing again that the trial court had a duty to issue findings of fact and conclusions of law when ruling on a motion for post-conviction relief [*id.* at Exh. 29], but in July 2009 the Supreme Court denied leave to appeal.  *Id.* at Exh. 30.

### C. Second Petition for Post-Conviction Relief

In December 2008, while his direct appeal and appeal of the trial court's summary denial of his first petition for post-conviction relief were both still pending, petitioner filed a second petition for post-conviction relief.  *Id.* at Exh. 31.  Petitioner's second petition for post-conviction relief raised the same four ineffective assistance of counsel claims he raised in his first petition for post-conviction relief.  Petitioner asserted that he had newly discovered evidence he had obtained from discovery conducted in his civil forfeiture proceedings. Petitioner then moved to supplement his petition.  *Id.* at Exh. 32.  In January 2009, however, the trial court denied the second petition for post-conviction relief as being untimely.  *Id.* at Exh. 34. Petitioner filed a motion for reconsideration, *id.* at Exh. 35, but the trial court denied that motion. *Id.* at Exh. 36.

Petitioner appealed to the Twelfth District Court of Appeals, arguing that the trial court erred by finding the successive petition to be untimely.  In October 2009, however, the Twelfth District Court of Appeals affirmed the trial court's denial of petitioner's second motion for post-conviction relief.  *Id.* at Exh. 46.  The appellate court held that petitioner had filed his petition more than 180 days after the trial transcript had been filed in petitioner's direct appeal and that petitioner had not met the criteria for filing beyond that 180-day deadline.  *Id.*  In December

2009, the Twelfth District Court of Appeals denied petitioner's motion for reconsideration.  *Id.*
at Exh. 49.  Petitioner then filed a notice of appeal with the Ohio Supreme Court, *id.* at Exh. 51,
but in March 2010, the Supreme Court denied leave to appeal.  *Id.* at Exh. 52.

### D.  Findings of Fact and Conclusions of Law on First Petition for Post-Conviction Relief

For reasons not readily apparent from the face of the record, in April 2009–between the
Twelfth District Court of Appeals' decision sua sponte dismissing as untimely petitioner's
appeal from the trial court's denial of his first petition for post-conviction relief and the order of
the Ohio Supreme Court denying petitioner leave to appeal–the trial court issued belated findings
of fact and conclusions of law relative to petitioner's first petition for post-conviction relief.  *Id.*
at Exh. 53.  The trial court held that the first petition for post-conviction relief was barred by the
doctrine of *res judicata* because petitioner "could have raised all of the claims he presents in his
post-conviction motion on direct appeal . . . ."  *Id.* at p. 3.

In April 2009, petitioner appealed that decision to the Twelfth District Court of Appeals,
arguing that the trial court erred by denying the first petition for post-conviction relief on *res
judicata* grounds.  *Id.* at Exh. 55.  In November 2009, the Twelfth District Court of Appeals
affirmed, tersely holding that petitioner's "claim of ineffective assistance of counsel could have
been raised upon direct appeal, and therefore, is now barred by the doctrine of res judicata."  *Id.*
at Exh. 58, p. 1.  In January 2010, the Twelfth District Court of Appeals denied petitioner's
motion for reconsideration.  *Id.* at Exh. 60.  Petitioner then filed an appeal to the Ohio Supreme
Court, *id.* at Exh. 62, but in February 2010 that court denied leave to appeal.  *Id.* at Exh. 63.

### E.  Motions for a New Trial

### 1. First Motion

In January 2009, while his petitions for post-conviction relief had not been finally resolved, petitioner filed his first motion for a new trial. *Id.* at Exh. 64. That motion alleged prosecutorial and witness misconduct related to the search warrant and motion to suppress. *Id.* In February 2009, the trial court denied the motion for new trial without analysis. *Id.* at Exh. 66. Petitioner did not appeal that decision.

### 2. Second Motion

In August 2009, petitioner filed his second motion for a new trial. *Id.* at Exh. 67. Petitioner again alleged that he had newly discovered evidence, obtained from discovery in his forfeiture case, which demonstrated the invalidity of the search warrant. Petitioner supplemented his motion by referring to an affidavit of Jeffery Craft, one of petitioner's co-defendants, in which Craft proclaimed petitioner's innocence. *Id.* at Exh. 68. In October 2009, the trial court summarily denied petitioner's motion. *Id.* at Exh. 70. Later that same month, the trial court summarily denied petitioner's motion for reconsideration. *Id.* at Exh. 72.

Petitioner appealed to the Twelfth District Court of Appeals, arguing that the trial court abused its discretion by denying the second motion for a new trial without holding a hearing. *Id.* at Exh. 74. In May 2010, the Twelfth District Court of Appeals affirmed. *Id.* at Exh. 77. That appellate court held that the alleged newly discovered evidence was not sufficient to mandate a new trial and that the trial court had the discretion to discount Craft's "self-serving affidavit" because it was "based upon hearsay, suspiciously timed after Craft had exhausted his own legal remedies, and did not actually help [petitioner's] case." *Id.* at p. 2. In June 2010, the Twelfth District Court of Appeals denied petitioner's motion for reconsideration. *Id.* at Exh. 81.

Petitioner appealed to the Ohio Supreme Court, *id.* at Exh. 82-83, but that Court denied

leave to appeal in August 2010.  *Id.* at Exh. 84.  In October 2010, the Ohio Supreme Court

denied petitioner's motion for reconsideration.  *Id.* at Exh. 86.

### F.  Delayed Motion to Re-open Direct Appeal

In March 2010, petitioner filed a motion in the Twelfth District Court of Appeals,

seeking to re-open his direct appeal.  *Id.* at Exh. 87.  Petitioner alleged his trial counsel had been

ineffective for not presenting a supplemental motion to suppress given him by petitioner, and

that appellate counsel had been ineffective by not raising on appeal the ineffectiveness of trial

counsel.  *Id.*  The Twelfth District Court of Appeals denied the motion to re-open petitioner's

direct appeal in July 2010, holding that he had not shown good cause for the belated nature of his

motion. *Id.* at Exh. 90.  Petitioner then filed an appeal to the Ohio Supreme Court.  *Id.* at Exh.

91.  In October 2010, however, the Ohio Supreme Court denied petitioner leave to appeal.  *Id.* at

Exh. 93.

### G.  §2254 Petition

In August 2010, petitioner filed his federal habeas petition, in which he raises six

arguments.  First, he argues the trial court erred by applying *res judicata* to petitioner's state

petition for post-conviction relief.  Second, petitioner argues that he is being detained in

violation of the Fourth Amendment to the United States Constitution.  Third, he argues that the

Twelfth District Court of Appeals violated his Eighth and Fourteenth Amendment rights by

"conducting, outside the four corners of the affidavit, a De Novo review of uncertain, disputable

facts."  Doc. 1, p. 8.  Fourth, petitioner argues that the trial court erred when it determined

petitioner's second petition for post-conviction relief was untimely.  Fifth, petitioner argues that

he "is being held in violation of his 5th, 6th and 14th Amendment Rights to the United States Constitution because of Prosecutorial and State witness misconduct." *Id.* at p. 12.  Finally, petitioner argues that his "6th and 14th Amendment rights . . . were violated when Appellate counsel failed to notify Petitioner his direct appeal had been ruled upon, and for failing to raise that trial counsel was ineffective for not competently arguing petitioner[']s 4th Amendment claim." *Id.* at p. 13.

In December 2010, respondent filed a return of writ.  As will be discussed more fully later in this report and recommendation, respondent contends that grounds two, three and five of petitioner's habeas petition either are not cognizable or have been procedurally defaulted. Respondent also contends that grounds one and four are not cognizable.  Finally, respondent contends that the ineffective assistance of appellate counsel claim in ground six has been procedurally defaulted.

### H.  Motion for Summary Judgment

In January 2011, petitioner filed a motion for summary judgment.  Doc. 23.  The motion for summary judgment is not a model of clarity and repeats much of the same argument contained in the habeas petition.  It appears, however, as if petitioner argues that he is entitled to summary judgment on grounds one and four of his habeas petition because the state appellate courts relied upon a procedural default when ruling on those claims but respondent did not raise procedural default as a defense to those claims in petitioner's federal habeas petition. Respondent contends that summary judgment is inappropriate because petitioner has only now raised ineffectiveness of trial counsel in grounds one and four but did not do so in his original writ.

**II. Analysis**

**A. Standard of Review**

The standard of review of a 2254 petition depends upon whether the claim was adjudicated on the merits in state court.  If the claim was adjudicated on the merits, a court should grant a habeas petition only if:

> the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

A different standard applies to claims which were not adjudicated on the merits by state courts (i.e., procedurally defaulted claims):

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.  A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case.

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (internal citations omitted).  A claim is procedurally defaulted if a habeas petitioner has "failed to comply with a state procedural rule that is applicable to the petitioner's claim" and "the state courts actually enforced the procedural rule in the petitioner's case; and . . . the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim."  *Willis*, 351 F.3d at 744.

Some of petitioner's claims have been procedurally defaulted but others have not.  Thus, the standard of review will be different for the procedurally defaulted claims.  *See, e.g., Seymour*,

224 F.3d at 555-56 (reviewing non-procedurally defaulted claims on their merits while applying procedural default rules to defaulted claims).

### B. Procedurally Defaulted Claims

#### 1. Ground Six

In his sixth ground for relief, petitioner argues that his Sixth and Fourteenth Amendment rights were violated when his appellate counsel failed to notify him that his direct appeal had been ruled upon and by failing to argue that trial counsel had been ineffective for not "competently arguing petitioner[']s 4th Amendment claim." Doc. 1, p. 13. Respondent argues this claim has been procedurally defaulted. I agree.

The issue underlying this claim is quite similar to the issue in *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426 (6th Cir. 2006). In *Smith*, a defendant named Smith in Ohio state court filed a motion for delayed appeal to the Ohio Supreme Court, claiming that he had not received timely notice of the decision of the Ohio Court of Appeals. *Id.* at 429. The Ohio Supreme Court denied the motion for delayed appeal. Subsequently, the Ohio Court of Appeals denied as untimely Smith's motion to reopen the appeal to raise a claim of ineffective assistance of appellate counsel, after which the Ohio Supreme Court denied appeal. Smith then filed a petition for a writ of habeas corpus pursuant to § 2254, arguing that the Ohio Court of Appeals "erred by failing to address his ineffective assistance claim prior to dismissing his motion to reopen and that the Ohio Supreme Court erred by denying his motion for a delayed appeal." *Id.*

The Sixth Circuit held that Smith had procedurally defaulted his ineffective assistance of counsel claim. The Sixth Circuit explained that a federal court "will not review claims that were

11

not entertained by the state court either due to the petitioner's failure to raise those claims in the state courts while state remedies were available *or* when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims." *Id.* at 430-31.  The Sixth Circuit held that denial of a motion for delayed appeal pursuant to Ohio Supreme Courts regarding time to lodge an appeal was an "adequate procedural ground to foreclose habeas review[,]" meaning that Smith had "procedurally defaulted his . . . ineffective assistance [of counsel] claims by failing to file a timely notice of appeal to the Ohio Supreme Court." *Id.* at 432.  Similarly, the Sixth Circuit held that Smith had procedurally defaulted his ineffective assistance of appellate counsel claim by failing to file timely his Ohio Rule of Appellate Practice 26 motion to reopen appeal in the Ohio Court of Appeals.  *Id.* at 436, n.7.

Likewise, in the case at hand, petitioner has procedurally defaulted his claims contained in claim six by not raising them timely.  It must now be briefly determined whether petitioner can overcome this procedural default.

Petitioner has not shown that he is actually innocent.  Thus, he has not shown that a miscarriage of justice will result in enforcing the procedural default.  *Id.* at 436 ("Smith also cannot overcome the procedural default on his claims on the basis of a fundamental miscarriage of justice because he has not claimed, nor presented any evidence, that he was actually innocent.") (internal quotation marks omitted).  Since petitioner has not shown that enforcing the procedural default will result in a miscarriage of justice, he must show both cause for the default and prejudice resulting from it.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (explaining that cause and prejudice test is conjunctive, not disjunctive).

Ineffective assistance of counsel "may constitute cause for a procedural default, so long

12

as such claim has been presented to the state courts and is not itself procedurally defaulted."
*Wilson v. Sheets*, 2008 WL 4503027, at *11 (S.D. Ohio Oct. 1, 2008) (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)).  Even if it is assumed, solely for purposes of argument, that petitioner has shown cause, however, he is not entitled to relief because he has not shown prejudice.

In order to demonstrate prejudice where a petitioner claims no appeal to a higher appellate court was filed timely because the was not timely notified by counsel of the antecedent decision of a lower appellate court, the Sixth Circuit asks whether, but for counsel's deficient performance, the petitioner would have timely filed an appeal to the higher appellate court, such as the Ohio Supreme Court.  *Smith*, 463 F.3d at 435.  In order to determine if an appeal would have been timely filed, a court applies "a rebuttable presumption that if the period of time between when the defendant  learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal . . . the defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's deficient failure to notify the defendant of the decision."  *Id.*

Petitioner filed a motion to reopen his direct appeal in March 2010.  Doc. 11, Exh. 87. The Twelfth District Court of Appeals noted that state rules of procedure permitted motions to reopen to be filed within ninety days from the "journalization" of the appellate judgment, unless good cause can be shown for a later filing.  *Id.* at Exh. 90, p.2.  The Twelfth District Court of Appeals noted that its decision affirming on direct appeal was "journalized" on June 9, 2009, meaning that petitioner had until September 7, 2009 to file a motion for reopening.  Obviously, therefore, petitioner's March 2010 motion to reopen was filed well outside that September 2009

13

deadline. The Twelfth District Court of Appeals then addressed petitioner's argument that his attorney's failure to inform him timely of the June 2009 decision constituted good cause. The Twelfth District Court of Appeals found that petitioner had not shown good cause, primarily because petitioner had been re-sentenced in July 2009 pursuant to the June 2009 appellate decision. *See id.* Thus, though the opinion does not expressly contain such a holding, it is clear that the Twelfth District Court of Appeals concluded that petitioner had to have known of its June 2009 decision when he was re-sentenced in July 2009.

Petitioner has not demonstrated error in the Twelfth District Court of Appeals' implicit conclusion about his knowledge of the decision on his direct appeal. The transcript of petitioner's re-sentencing contains numerous references to the re-sentencing being necessitated by a decision from the Twelfth District Court of Appeals. Indeed, the re-sentencing begins as follows:

> MR. BURRESS [Prosecutor]: Good morning, Your Honor. We're here on State of Ohio versus David Garcia, case number CR07-06-0912. We're here on a re-sentencing, remand from the 12th District. The defendant, Mr. Garcia, is present and with his attorney, Mr. Dave Washington.
> THE COURT: Okay. Mr. Washington, we're here for re-sentencing pursuant to a Court of Appeals decision.
> MR. WASHINGTON [Defense counsel]: Yes.

Doc. 28-1, p.3. Shortly thereafter, the trial court asked petitioner if there was "anything you'd like to tell me?" *Id.* At p. 4. Petitioner responded, "I know what you're going to do." *Id.* The transcript of the re-sentencing hearing, therefore, amply supports the Twelfth District Court of Appeals' conclusion that petitioner was aware of its June 2009 decision at the time he was re-sentenced in July 2009.

That re-sentencing is not the only notice of the Twelfth District Court of Appeals'

14

decision which petitioner received in the summer of 2009, however. In August 2009 the State

of Ohio filed its appellate brief in response to petitioner's appeal of the trial court's belated

findings of fact and conclusions of law issued related to petitioner's first motion for post-

conviction relief. *See id.* at Exh. 56. The first substantive page of the State's brief plainly states

that "Petitioner's direct appeal was decided on July 9, 2009. In that appeal, this Court affirmed

the validity of the search warrant that was executed against the [petitioner]."[4] *Id.* at p. 3 (Brief,

p. 1). Petitioner has not argued that he did not receive timely a copy of that brief, instead only

arguing that he should not be expected to have been on notice due to the brevity of the brief's

recitation of the Twelfth District Court of Appeals' June 2009 decision.[5]

Petitioner's persistent claim, therefore, that he did not discover the Twelfth District Court

of Appeals' ruling until December 2009 is at odds, therefore, with both the conclusion of the

Twelfth District Court of Appeals and the record. Accordingly, the record amply supports a

conclusion that petitioner was, or reasonably should have been, on notice of the Twelfth District

Court of Appeals' decision no later than August 2009, when the State filed the aforementioned

appellate brief.

Petitioner did not file his motion to reopen his appeal until March 2010, well outside the

allotted ninety days he had to do so. Thus, petitioner has not shown prejudice sufficient to

---

[4]Though the minor error is irrelevant to the outcome of this habeas petition, the Twelfth District Court of Appeals affirmed on petitioner's direct appeal on June 9, 2009, not July 9, 2009.

[5]Specifically, petitioner argues that respondent's argument that the State's August 2009 brief placed him on notice of the Twelfth District Court of Appeals' decision is based "upon an ideology that it was Garcia's responsibility to discover <u>one sentence</u> buried in an August 2009 collateral appellee brief . . . ." Doc. 25, p. 18 (emphasis in original).

overcome his procedural default, *Smith*, 463 F.3d at 435-36, and he is not entitled to habeas relief on this claim for relief.

### 2. **Ground Two**

Petitioner's second claim for relief begins with a recitation of the purported deficiencies in the search warrant, and then turns to a claim that the trial court erred by making no findings of fact before upholding the search warrant on the good faith exception to the exclusionary rule. Finally, petitioner argues that the Twelfth District Court of Appeals erred by conducting a de novo review of the facts before ultimately concluding that there was probable cause to issue the warrant. Doc. 1, p. 7. Respondent argues that this claim for relief is either not cognizable or has been procedurally defaulted. I agree that the claim has been procedurally defaulted and, accordingly, do not address whether the claim is cognizable in this habeas proceeding.

Petitioner raised his search warrant-related claims in his timely, direct appeal to the Ohio Court of Appeals. However, he failed to appeal timely that court's decision to the Ohio Supreme Court. In May 2010, the Ohio Supreme Court denied without explanation petitioner's attempted delayed appeal. *See* Doc. 11, Exh.17. The Ohio Supreme Court's ruling denying without comment a motion for a delayed appeal is deemed a procedural ruling sufficient to invoke a procedural default on federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 496-97 (6th Cir. 2004). Petitioner has, therefore, procedurally defaulted the arguments contained in his second claim for relief.

Petitioner has not shown that he is actually innocent. Thus, he has not shown that a miscarriage of justice will result in enforcing the procedural default. *Smith*, 463 F.3d. at 436.

Turning to the cause and prejudice requirements for overcoming the procedural default,

16

petitioner again argues that he could not have filed a timely appeal to the Ohio Supreme Court because he did not learn of the Ohio Court of Appeals' decision until December 2009.  As previously explained, however, the record amply demonstrates that petitioner knew, or reasonably should have known, of the Twelfth District Court of Appeals' decision no later than August 2009, when the State filed its previously discussed appellate brief mentioning the Twelfth District Court of Appeals' decision on petitioner's direct appeal.

Under Ohio Supreme Court rules, petitioner had forty-five days to file an appeal to the Ohio Supreme Court.  *See Smith*, 463 F.3d at 426.  Petitioner filed his motion for delayed appeal in January 2010.[6]  Since petitioner knew, or reasonably should have known, of the decision of the Twelfth District Court of Appeals in August 2009, he has failed to demonstrate prejudice sufficient to overcome his procedural default.  *See id.* at 435 (explaining that "if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she would have timely appealed the decision but for the counsel's deficient failure to notify the defendant of the decision.") (internal quotation marks omitted).  Petitioner, thus, is not entitled to habeas relief on this procedurally defaulted issue.

### 3. Ground Three

---

[6]Petitioner's motion for delayed appeal was filed in March 2010.  Doc. 11, Exh. 16. However, petitioner has provided exhibits showing that he attempted to file a motion for delayed appeal in January 2010, but that attempted appeal was not filed due to procedural deficiencies. *See* Doc. 16, Exh. C.  I will exercise leniency and will deem petitioner to have filed his motion for delayed appeal in January 2010, even though he did not submit a procedurally satisfactory motion for delayed appeal until March 2010.  Ultimately, however, petitioner has not shown prejudice sufficient to overcome the procedural default, even using the January 2010 date.

In its entirety, petitioner's third claim for relief is:

> Appellate court violated petitioner[']s 8th and 14th Amendment rights to the United States Constitution when they applied an unreasonable application of clearly established Federal Law by conducting, outside the four corners of the affidavit, a De Novo review of uncertain, disputable facts. The appellate court used unrecorded oral testimony, not to uphold the "Good Faith" ruling of the trial court, but to correct recklessly misstated material relationships that the issuing magistrate wanted clarified in order to draw a reasonable inference from unsupported allegations regarding Jeff Craft[']s Stepmother and Father. Interrogatories and Admissions from CV2008-03-1341, clearly show how incorrect the speculative De Novo review was in regards to all disputable facts, to include the recklessly misstated material relationships.

Doc. 1, p. 8. Respondent contends this argument has been procedurally defaulted. I agree.

This argument is, at its core, the same general argument raised in petitioner's second claim for relief. Thus, for the same reasons set forth in the previous discussion of the second claim for relief, petitioner is not entitled to habeas relief on his third claim for relief.

### 4. Ground Five

Petitioner's fifth claim for relief alleges prosecutorial and witness misconduct. Essentially, petitioner continues his assault upon the suppression hearing and underlying affidavit by arguing that both the prosecutor and the affiant presented false testimony at the motion to suppress.

Again, petitioner raised claims regarding the suppression hearing in his direct appeal. Petitioner failed to appeal timely to the Ohio Supreme Court from the decision of the Twelfth District Court of Appeals. For the reasons discussed earlier in this report and recommendation, petitioner has not shown either actual innocence or demonstrated sufficient prejudice to overcome his procedural default. Petitioner is not, therefore, entitled to habeas relief.

### C. Claims which Are Not Cognizable

18

### 1. Ground One

In his first claim for relief petitioner argues the trial court erred in applying the doctrine of *res judicata* to petitioner's first petition for post-conviction relief.  Respondent argues this claim is not cognizable in a federal habeas proceeding.  I agree.

"[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).  The Sixth Circuit comes to that conclusion because "the writ of habeas corpus is not an appropriate tool for challenging errors or deficiencies in state post-conviction proceedings. Rather, the writ is reserved for constitutional errors underlying the conviction itself."  *Sherley v. Parker*, 229 F.3d 1153 (Table), 2000 WL 1141425, at *6 (6th Cir. Aug. 8, 2000).  *See also Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009).   Petitioner's claim that the trial court improperly applied *res judicata* to his state petition for post-conviction relief is, therefore, not cognizable in this federal habeas proceeding.

### 2. Ground Four

Petitioner's fourth claim for relief is his contention that the trial court erred by determining his second state petition for post-conviction relief was untimely.  This again is not cognizable in this federal habeas petition because it questions the propriety of state post-conviction proceedings.  *Cress*, 484 F.3d at 853.  Thus, petitioner is not entitled to habeas relief on this issue.

### D.  Petitioner's Motion for Summary Judgment

Petitioner is not entitled to habeas relief on any of his six claims for relief.  Thus, his motion for summary judgment as to claims one and four should be summarily denied.

19

### III. Conclusion

For the foregoing reasons, it is **RECOMMENDED THAT:**

1. Petitioner's 28 U.S.C. § 2254 petition should be **denied**; and

2. A certificate of appealability should not issue with respect to any claim alleged in the petition, because no claim for relief states a "viable claim of the denial of a constitutional right" or presents issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); and

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis* from any Order adopting the undersigned's Report and Recommendation to deny habeas corpus relief on claims alleged in the petition, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of such Order would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This the 8th day of April, 2011.

s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI
## CIVIL CASE NO. 10-525-SJD-JGW

**DAVID GARCIA**                                                              **PETITIONER**

**V.**

**WARDEN, WARREN CORRECTIONAL**
**INSTITUTION**                                                              **RESPONDENT**


### NOTICE

     Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).